UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
HERIBERTO CAMACHO,                              :
                                                :
                        Plaintiff,              :
                                                :         **ORDER DENYING MOTION**
            -against-                           :         **FOR SUMMARY JUDGMENT**
                                                :         **AND DISMISSING COMPLAINT**
CITY OF NEW YORK OFFICE OF                      :
CHILD SUPPORT; CITY OF NEW                      :         05 Civ. 2002 (AKH)
YORK OFFICE OF CHILD SUPPORT                    :
ENFORCEMENT; JOHN DOE I,                        :
Supervisor of the New York Office of Child      :
Support; JOHN DOE II, Case Worker for           :
The New York Office of Child Support;           :
JOHN DOE III, Supervisor of the City of         :
New York Office of Child Support                :
Enforcement; JOHN DOE IV, Case Worker           :
for the City of New York Office of Child        :
Support Enforcement,                            :
                                                :
                        Defendants.             :
-----------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

           Plaintiff, proceeding pro se, brings the above action pursuant to 42 U.S.C.

§ 1983 (2006), alleging that the New York City Office of Child Support Enforcement

("OCSE") violated his constitutional rights under the Eighth and Fourteenth Amendments

by its negligence.  (See Compl., 05 Civ. 2002, filed Feb. 4, 2005.)  Specifically, Plaintiff

asserts that Defendants failed to properly investigate the child support claim filed against

him by his ex-wife, resulting in a February 2, 1998 Order of the Family Court for New

York County mandating child support payments by Plaintiff.  (See Compl. at ¶ 11; see

also Chao Decl., Ex. A.)  Following answer by Defendants, Plaintiff moved for summary

judgment.  Defendants filed opposition together with a cross-motion for summary

judgment or, in the alternative, judgment on the pleadings.  Because I find that I lack

subject matter jurisdiction over Plaintiff's allegations, Plaintiff's motion for summary judgment is denied and the complaint is dismissed.

It is well established that the "party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). A proper basis for jurisdiction must be shown in the pleadings. Id. In order to sustain a claim pursuant to § 1983, the plaintiff "must allege conduct under color of state law that deprived him of rights secured by the Constitution or laws of the United States." Katz v. Klehammer, 902 F.2d 204, 206 (2d Cir. 1990). Mere conclusory allegations are insufficient to sustain a civil rights claim. Thus, "a [c]omplaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of a [civil right], fails to state a cause of action[.]" Papeskov v. Brown, 1998 U.S. Dist. Lexis 8355, at *9 (S.D.N.Y. June 8, 1998) (internal citations omitted).

By his complaint, Plaintiff asserts generally that the negligence of the OCSE violated his rights under the Eighth and Fourteenth Amendments to the Constitution, depriving Plaintiff of "equal protection of the laws" and amounting to "cruel and unusual punishment." (See Compl. ¶¶ 6, 17, 18, 23, 25, 28, 34, 37, 40.) As an initial matter, Plaintiff's claim under the Eighth Amendment is wholly without merit. The Eighth Amendment operates to protect individuals who have been convicted from cruel and unusual punishment in connection with their convictions. Graham v. Connor, 490 U.S. 386, 393 (U.S. 1989). Here, Plaintiff, currently incarcerated, makes no allegations concerning the conditions of his confinement or the length of his sentence. Plaintiff therefore fails to make any showing of a violation of his rights under the Eighth Amendment.

Plaintiff's claims under the Equal Protection Clause of the Fourteenth Amendment must also fail. To state a claim under the Equal Protection Clause, a plaintiff must allege that he has been treated differently from others similarly situated and that there is no rational basis for such difference in treatment. See Romer v. Evans, 517 U.S. 620, 632-633 (1996). Plaintiff fails entirely, however, to make any allegation that he was treated differently from others. Instead, Plaintiff's allegations amount to no more than claims sounding in negligence. It is well established that an allegation of mere negligence is generally insufficient to sustain a § 1983 claim. See Daniels v. Williams, 474 U.S. 327, 330 (1986). Moreover, Plaintiff's assertions to the contrary, the OCSE has no duty to investigate the veracity of the claim for child support filed by Plaintiff's ex-wife. Instead, OCSE has simply attempted to enforce the February 2 Order issued by the Family Court for the County of New York. Plaintiff's claim is thus, in substance, a challenge to the Order of the Family Court, and I should not exercise jurisdiction over such claim. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 68 L. Ed. 362 (1923); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005).

Plaintiff having failed to show any facts which might entitle him to relief in federal court, Plaintiff's motion for summary judgment is denied. There being no further matters for my consideration, the complaint is dismissed. The clerk of the court shall mark the case as closed.

SO ORDERED.

Dated:     New York, New York
           September 14, 2006

ALVIN K. HELLERSTEIN
United States District Judge

3